Mr. Justice Butler
delivered the opinion of the court.
Whether the defendants should be allowed to enter up judgments at all, in these cases, depends upon information which the court is not entirely in possession of; and is a question upon which 1 deliver no opinion. But the order made by the presiding judge, granting defendants’leave to enter up three judgments of nonpros, a discontinuance, nunc pro tune, must be set aside. Where a judgment has been obtained, and not entered up at the time it might have been, it does not follow that the party claiming its benefits can enter it up to take effect from the time it was recovered. It may be laid down as a general rule, that where a party has been suspended in exercisingjhis right of entering up judgment, after recovery, or verdict, by the operation of law, or the act of the court,he will be allowed to do- so, upon application to the court, nunc pro tunc. Because if his judgment or verdict were rightfully recovered, the law and courts ought not to interpose their delay, to deprive him of the full benefit of them. But on the contrary, where a party, by his own negligent delay, or wilful omission, would obtain an advantage to the piejudice of others, by such a proceeding, the court would not allow it. The court has a discretion in such a case, and will exercise it. Tidd, in his chapter on judgments, makes this remark: “ And in general, it should seem that if there be a rule for judgment, and it be not entered for many years, the court will not suffer it to be entered, without examining how it came not to be entered before.” While the court will not allow its own delay, to deprive a party of the full benefit of a judgment, it wijl not *201 suffer a party to avail himself of any undue advantage by his own delay. These general positions which I have laid down, ate fully sustained by the authorities quoted by Tidd, and which I have examined. The case under consideration must be determined by these principles, and will serve to illustrate them. The plaintiff, Alston, in some way, let fall his actions, against the defendants, to try titles to land : how he let them fall, does not exactly appear ; whether at the instance of the defendants, or at his own, is a matter of conjecture. One thing is certain, that if defendants be allowed to enter up judgments, nunc pro tunc, they will have an advantage, which might have been obviated by plaintiff, if judgments had been entered up when the actions were let fall. The plaintiff would either then have contested the validity of the judgments, or he would have avoided their effect by biingi' g a'new action. It may be that he could not do either now, as his attorney is dead, who could have explained the transaction ; and more than two years have elapsed since the letting fall of his actions. The order made on the circuit is set aside ; but the question, whether the defendants are entitled to enter up any judgment, is left open.
Petigeu, for motion.
Mitchelb, contra.
Filed 14th February, 1837,
A. P. BUTLER.
We concur,
J. S. BIOHARDSON,
JQSIAH J. EVANS.’
JOHN B. O’NEALL,